IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSE ALEGRIA, JR. § | |
| § | |
| v. § | A-10-CA-241 SS |
| § | |
| WARDEN, FCI FOREST CITY,[1] § | |
| ATTORNEY GENERAL OF THE § | |
| UNITED STATES § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On September 15, 2000, Jose Alegria, Jr. ("Petitioner") pled guilty, pursuant to a plea agreement, to Count One of the Superseding Information alleging possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). *See* A-00-CR-168-SS.  On December 22, 2000, the Honorable Sam Sparks sentenced Petitioner to 210 months imprisonment, followed by a five-year term of supervised release and a $100 special assessment. *See* Judgment and Commitment in A-00-CR-168 SS (Clerk's Docket No. 23).  At the time of

---

[1] Although Petitioner has named "Warden, FCI Forrest City" as a Defendant in this case, he filed the Petition in the Austin Division of the Western District of Texas.

sentencing, the guideline range in Petitioner's case was 130 to 162 months. However, the District Court upwardly departed three levels due to inadequacy of criminal history and considered a range of 168 to 210 months.

Petitioner filed a direct appeal of his conviction and sentence, but the Fifth Circuit affirmed the District Court's Judgment. See *United States v. Jose Alegria*, Jr., slip op., No. 01-50035 (5th Cir. Sept. 4, 2001). The District Court further denied Petitioner's Motion to Vacate his sentence under 28 U.S.C. § 2255 and his certificate of appealability was also denied by the Fifth Circuit. See A-00-CR-168 SS (Clerk's Docket No. 35); *United States v. Jose Alegria, Jr.*, slip op., No. 02-50477 (5th Cir. Nov. 12, 2002).

On May 1, 2007, the Sentencing Commission submitted to Congress an amendment to the Federal Sentencing Guidelines which lowered the guideline range for certain categories of offenses involving crack cocaine. Based upon this amendment, on April 2, 2008, the District Court reduced Petitioner's sentence to a term of 175 months, pursuant to 18 U.S.C. § 3582(c). See Order Reducing Sentence (Clerk's Docket No. 46 in A-00-CR-168 SS). Petitioner is currently serving his sentence at the Federal Correctional Institute in Forrest City, Arkansas.

## II. ANALYSIS

On April 7, 2010, Petitioner filed the instant Petition under 28 U.S.C. § 2241 arguing that (1) his sentence is illegal because the crack-to-cocaine sentencing ratio used by the District Court to calculate his offense level was unconstitutional, and (2) he is actually innocent of the crimes alleged in the indictment. Petitioner's claims are outside the proper scope of 28 U.S.C. § 2241.

"A section 2241 petition on behalf of a sentenced prisoner attacks *the manner* in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in

the same district *where the prisoner is incarcerated.*" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (emphasis added). In contrast, a petition under 28 U.S.C. § 2255 provides the primary means to collaterally attack a prisoner's federal *sentence. Id.* "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing." *Id*. (internal quotations and citations omitted). A § 2255 motion must be filed in the court that sentenced the defendant. *Id.* The Fifth Circuit has observed that a § 2241 petition is not a substitute for a motion under § 2255 and thus a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion unless the so called § 2255 "savings clause" provision applies. *Id.* at 452.

In the instant Petition, Alegria is challenging the legality of his conviction and sentence and, thus, his claims are outside the proper scope of a § 2241 petition. While a federal prisoner may use § 2241 to challenge the legality of his conviction or sentence if he can meet the mandates of the § 2255 savings clause, only the *custodial court* has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Because Petitioner is incarcerated in Forrest City, Arkansas, only the United States District Court for the Eastern District of Arkansas has jurisdiction to make the savings-clause determination in this case. *See Padilla*, 416 F.3d at 426. Because this Court does not have jurisdiction over Petitioner's § 2241 petition, it would not be appropriate to transfer the Petition to the Eastern District of Arkansas. *See Lee v. Wetzel*, 244 F.3d 370, 375 (5th Cir. 2001). Rather, the Court is required to

dismiss the motion without prejudice. *Id.* If Petitioner desires, he may file a § 2241 petition in the district where he is incarcerated.[2]

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Jose Alegria's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Docket No. 1) *without prejudice.*

.                                               **IV. WARNINGS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the

---

[2]The Court also lacks jurisdiction to construe the motion as a § 2255 petition, since Petitioner has not received prior authorization from the Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2244, 2255; *See also, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (noting that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one").

CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE